IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WIRTCO, INC.,

    Plaintiff,

vs.                                                                                                          Case No.

ALLIANZ RESOLUTION
MANAGEMENT, Inc., a foreign
corporation; FIREMAN'S FUND
INSURANCE COMPANY, a California
corporation; ACE PROPERTY AND
CASUALTY INSURANCE COMPANY, a
Pennsylvania Corporation, formerly known
as AETNA INSURANCE COMPANY;
THE TRAVELERS INDEMNITY
COMPANY., a Connecticut corporation;
UNITED STATES FIDELITY
AND GUARANTY COMPANY,
a Connecticut corporation;
BANKERS STANDARD INSURANCE
COMPANY, a Pennsylvania corporation;
CENTURY INDEMNITY COMPANY, as
successor to CCI INSURANCE COMPANY,
as successor to INSURANCE COMPANY OF
NORTH AMERICA, a Pennsylvania
corporation; and PACIFIC EMPLOYERS
INSURANCE COMPANY,
a Pennsylvania corporation.

    Defendants.

**COMPLAINT FOR BREACH OF CONTRACT,
VIOLATIONS OF THE INSURANCE PRACTICES ACT,
BREACH OF THE COVENANT OF GOOD FAITH
<u>AND FAIR DEALING, AND FOR DECLARATORY JUDGMENT</u>**

    For its Complaint against Allianz Resolution Management, Inc. ("Allianz"), Fireman's

Fund Insurance Company ("Fireman's Fund"), The Travelers Indemnity Company ("Travelers"),

United States Fidelity and Guaranty Company ("USF&G"), and Chubb-related entities ACE

Property and Casualty Company, formerly known as Aetna Insurance Company ("ACE"), Bankers Standard Insurance Company ("Bankers"), Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), and Pacific Employers Insurance Company ("PEIC"), Plaintiff Wirtco, Inc. ("Wirtco") states the following:

## Parties

1. Wirtco is a corporation organized under the laws of New Mexico, with its principal place of business in New Mexico. Wirtco previously operated a dry cleaning service at 1710 Llano Street, Santa Fe, New Mexico 87505 ("the Site") known as One Hour Martinizing Dry Cleaners.

2. Allianz is a foreign corporation organized under the laws of the State of Minnesota with its principal place of business in Minnesota. Allianz is authorized to conduct business in the State of New Mexico. Service may be effected upon Allianz by service to its registered agent, CT Corporation System, located at 206 S. Coronado Ave., Espanola, NM 87532.

3. Fireman's Fund is a foreign corporation organized under the laws of the State of California with its principal place of business in California. Fireman's Fund regularly transacts business in New Mexico through the sale of insurance policies and derives substantial economic benefit from sale of the policies. Accordingly, Fireman's Fund is subject to personal jurisdiction in the State of New Mexico and may be served through the New Mexico Office of Superintendent of Insurance.

4. ACE is a foreign corporation organized under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. ACE regularly transacts business in New Mexico through the sale of insurance policies and derives substantial economic benefit from sale

of the policies. Accordingly, ACE is subject to personal jurisdiction in the State of New Mexico and may be served through the New Mexico Office of Superintendent of Insurance.

5. Travelers is a foreign corporation organized under the laws of the State of Minnesota with its principal place of business in New York. Travelers is authorized to conduct business in the State of New Mexico. Service may be effected upon Travelers by service to its registered agent, Corporation Service Company, located at 726 E. Michigan Dr., Ste. 101, Hobbs, NM 88240.

6. USF&G is a foreign corporation organized under the laws of the State of Maryland with its principal place of business in Maryland. USF&G regularly transacts business in New Mexico through the sale of insurance policies and derives substantial economic benefit from sale of the policies. Accordingly, USF&G is subject to personal jurisdiction in the State of New Mexico and may be served through the New Mexico Office of Superintendent of Insurance.

7. Bankers is a foreign corporation organized under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. Bankers regularly transacts business in New Mexico through the sale of insurance policies and derives substantial economic benefit from sale of the policies. Accordingly, Bankers is subject to personal jurisdiction in the State of New Mexico and may be served through the New Mexico Office of Superintendent of Insurance

8. Century is a foreign corporation organized under the laws of Pennsylvania with its principal place of business in Pennsylvania. Century regularly transacts business in New Mexico through the sale of insurance policies and derives substantial economic benefit from sale of the

policies. Accordingly, Century is subject to personal jurisdiction in the State of New Mexico and may be served through the New Mexico Office of Superintendent of Insurance

9. PEIC is a foreign corporation organized under the laws of Pennsylvania with its principal place of business in Pennsylvania. PEIC regularly transacts business in New Mexico through the sale of insurance policies and derives substantial economic benefit from sale of the policies. Accordingly, PEIC is subject to personal jurisdiction in the State of New Mexico and may be served through the New Mexico Office of Superintendent of Insurance

10. All defendants are collectively referred to throughout this Complaint as "the insurers" or "the carriers."

## Jurisdiction and Venue

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is no common state citizenship between Plaintiff and Defendants. The amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).

12. Venue is proper in the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this complaint arose in Santa Fe County, New Mexico.

## Nature of Case

13. All actions material to this Complaint occurred in Santa Fe County, New Mexico.

14. On January 3, 2022, the New Mexico Environment Department ("NMED") was notified by the current property owner of an unauthorized discharge at the Site. The current property owner discovered a release of chlorinated volatile organic compounds at the Site,

including trichloroethylene ("TCE") and tetrachloroethylene ("PCE"), both of which are constituents of solvents previously used in dry cleaning operations.

15. On June 15, 2022, the NMED submitted a Notice of Liability letter ("Demand") to Wirtco. The Demand stated that, as a result of Wirtco's previous dry cleaning business, Wirtco was an "operator" pursuant to 20.6.1203(C)(4) NMAC and therefore required to take corrective action in accordance with 20.6.2.1203 NMAC to abate TCE and PCE at the Site.

16. In response to the Demand, Wirtco coordinated Site investigations with the current property owner to address the release of TCE and PCE at the Site.

17. As a result of the property damage and the ongoing investigation into the volume and extent of the alleged contamination at the Site, Wirtco has incurred and will incur significant remedial expenses. Due to environmental damage incurred at another location owned and operated by Wirtco, the damages at the Site may exceed the primary limits of coverage of the general liability policies issued to Wirtco and thereby trigger indemnity benefits under the excess or umbrella policies identified below.

### The Policies

18. Based upon Wirtco's historical operations at the Site, Wirtco has actual and potential liabilities for environmental damages for the alleged contamination of the soil and groundwater at and near the Site under the New Mexico Ground and Surface Water Protection Regulations, 20.6.2 NMAC, and is required to take corrective action pursuant to 20.6.2.1203 NMAC.

19. Wirtco has incurred and will continue to incur substantial costs related to the investigation and remediation of the alleged contamination at and in the vicinity of the Site as a result of the Demand.

20. Upon receiving the Demand, Wirtco undertook a comprehensive investigation to determine its rights and entitlements under the insurance policies issued to Wirtco while it conducted operations at the Site.

21. Wirtco's investigation revealed that it was insured under Fireman's Fund General Liability Policies: MXP 1555901 (January 1, 1977, through January 1, 1980), MXP 3032484 (January 1, 1977, through January 1, 1980), and MXP 3583231 (January 1, 1980, through January 1, 1981). Wirtco was also insured under Fireman's Fund Excess Liability Policies XSC 73623472 (January 1, 1994, through January 1, 1995) and XSC 73831778 (January 1, 1995, through January 1, 1996). Upon information and belief, Defendant Allianz is affiliated with Fireman's Fund and currently manages the claims submitted under the Fireman's Fund general liability policies issued to Wirtco.

22. Wirtco's investigation revealed that it was insured under the Aetna Insurance Policy #CPP979453 (January 1, 1974, through January 1, 1977) and included annual renewals.  Upon information and belief, ACE, formerly known as Aetna, is a Chubb-related insurance company, and it is currently responsible for claims submitted under the Aetna general liability policies issued to Wirtco.

23. Wirtco was insured under USF&G General Liability Policies SMP 020497840 (January 1, 1983, through January 1, 1984), SMP 043202335 (January 1, 1984, through January 1, 1985), SMP 043242232 (January 1, 1985, through January 1, 1986), and SMP 076858903

(January 1, 1986, through January 1, 1987). Wirtco was further insured under USF&G Excess Liability Policies: CEP 020058104 (January 1, 1983, through January 1, 1984), CEP 030376676 (January 1, 1984, through January 1, 1985), CEP 020057334 (January 1, 1985, through January 1, 1986), and CEP 073199247 (January 1, 1986, through January 1, 1987). Upon information and belief, Travelers is the parent of USF&G and manages claims submitted under the USF&G general liability policies issued to Wirtco.

24. Wirtco was also insured by Chubb-related companies under the following policies: (1) Bankers SVP 15674639 (January 1, 1987, through January 1, 1988); (2) PEIC SVP 17707103 (January 1, 1989, through January 1, 1991); and (3) Century XBCG 06818419 (January 1, 1987, through January 1, 1988), XOOG 11060298 (January 1, 1988, through January 1, 1989), XOOG 12477582 (January 1, 1989, through January 1, 1990) and XOOG 13697061 (January 1, 1990, through January 1, 1991).

25. Wirtco tendered notice of the Demand to the insurers on August 11, 2022.

26. On August 19, 2022, Travelers and USF & G ("Travelers") responded to Wirtco's notice of claim and stated it did not believe it had an obligation to defend Wirtco in the underlying NMED claim because no "suit" had been filed against Wirtco, but nonetheless agreed to provide defense benefits under policy SMP 076858930 subject to a reservation of rights. Travelers asserted that indemnity benefits were precluded under the pollution exclusion clause based on an alleged lack of evidence indicating a "sudden and accidental" discharge.

27. Allianz responded on behalf of Fireman's Fund (collectively "Allianz") on September 8, 2022, and agreed to defend Wirtco, subject to a reservation of rights, but conditioned

the defense upon Allianz hiring counsel of its choice, thereby creating a conflict of interest adverse to Wirtco.

28. On September 20, 2022, the Chubb-related entities (Bankers, PEIC, ACE and Century (collectively "Chubb")) acknowledged Wirtco's notice of claim and agreed that a defense would be provided under the Bankers policy, subject to a reservation of rights. The PEIC policy, according to Chubb, precluded coverage based on the pollution exclusion clause.

29. As of the date of this Complaint, Wirtco has not received any defense or indemnity benefits, despite the insurers' contractual obligations under the applicable policies and prior representations that defense benefits would be provided.

## COUNT I

### **Breach of Contract**

30. Wirtco realleges and incorporates by reference the allegations in paragraphs 1 through 29 the same as if fully set forth.

31. Each of the above-referenced policies constitutes a legal and enforceable contract.

32. Under the terms of the referenced policies, the carriers each agreed to defend and indemnify Wirtco for property damage occurring during the policy periods for which Wirtco became legally liable, and to defend Wirtco against such claims, subject to policy terms and conditions.

33. Wirtco has incurred indemnity costs responding to the property damages claim asserted by the NMED in the Demand and will continue to incur costs in the future. Wirtco has also incurred defense costs in response to the Demand and will continue to do so.

34. Each of the insurers has breached the insurance contract by failing to pay defense and indemnity benefits under the policies and by refusing to acknowledge their duty to indemnify and pay defense costs in the future.

35. Wirtco has been damaged in the amount it has expended and will expend in response to the NMED Demand, by the amounts it has expended and will continue to expend to investigate and conduct remediation at the Site, and by the costs and fees incurred to prosecute the present action.

36. Each of the insurers has unreasonably failed to pay Wirtco's defense costs under the policies of insurance, and Wirtco is therefore entitled to an award of reasonable attorneys' fees and costs necessary to prosecute this action under NMSA 1978, Section 39-2-1.

WHEREFORE, Wirtco requests judgment on Count I as follows:

A. Remedial costs incurred and to be incurred in responding to and implementing the actions required by the Demand;

B. Attorneys' fees and costs incurred and to be incurred in defending against the Demand;

C. Attorneys' fees incurred to prosecute this Complaint, pursuant to NMSA 1978, Section 39-2-1;

D. Pre-judgment and post-judgment interest to the extent allowed by law; and

E. Costs and such other relief the Court deems just and proper.

## COUNT II

### Violations of the Insurance Practices Act

37. Wirtco realleges and incorporates by reference the allegations in paragraphs 1 through 36 the same as if fully set forth.

38. In refusing to honor their duty to defend and provide the agreed-upon indemnity benefits, the insurers have engaged in unfair claim practices as defined in NMSA 1978, Section 59A-16-3 and as set forth below, in violation of NMSA 1978, Section 59A-16-20.

39. The insurers willfully failed to implement reasonable standards for the prompt investigation and processing of Wirtco's claim for defense costs and indemnity benefits by refusing to acknowledge that the Demand seeks to hold Wirtco liable for property damage resulting from the release of contaminants at the property.

40. The insurers willfully have not attempted in good faith to effectuate a prompt and fair settlement of Wirtco's claim, despite reasonably clear evidence of liability.

41. Although Bankers agreed to pay for defense costs as early as September 20, 2022, Bankers has failed to pay any defense costs since the date it acknowledged it would do so.

42. Although Travelers agreed to pay for defense costs as early as August 19, 2022, 2022, Travelers has failed to pay any defense costs since the date it acknowledged it would do so.

43. Although Allianz agreed to pay for defense costs as early as September 8, 2022, Allianz has failed to pay any defense costs since the date it acknowledged it would do so.

44. The insurers have failed to give at least equal regard to Wirtco's interests in securing its rights under the insurance policies as they did to their own interest in attempting to avoid the expense of complying with their coverage obligations.

45. The insurers' unreasonable course of conduct, including failing to pay for defense costs, was knowingly calculated to prevent Wirtco from obtaining the defense benefits for which Wirtco bargained in obtaining the insurance policies from the insurers.

46. These acts, along with other acts committed by the insurers, constitute unfair insurance practices.

47. Wirtco has incurred actual damages as a proximate result of the insurers' unfair claims practices in an amount to be proven at trial.

48. Based on the insurers' willful and malicious acts in refusing to honor their obligations to provide Wirtco a defense and indemnity benefits under the insurance policies, Wirtco is entitled to an award of punitive damages.

WHEREFORE, Wirtco requests judgment on Count II as follows:

A. Actual damages sustained by Wirtco, in an amount to be proven at trial, including costs incurred and to be incurred by Wirtco in defending against the NMED Demand and implementing the remedial program necessary to abate the environmental damages as a result of the Demand;

B. Attorney's fees incurred to prosecute this action and to attempt to voluntarily obtain the insurers' commitment to pay defense and indemnity benefits, as provided by NMSA 1978, Section 59A-16-30;

C. An award of punitive damages against the insurers for their willful and malicious denial of defense and indemnity benefits to which Wirtco is entitled in an amount sufficient to punish the insurers and deter them from engaging in similar conduct in the future;

D. Pre-judgment and post-judgment interest to the extent allowed by the law; and

E.      Costs and such other relief the Court deems just and proper.

## COUNT III

### Breach of the Covenant of Good Faith and Fair Dealing

49.      Wirtco realleges and incorporates by reference the allegations in paragraphs 1 through 48 the same as if fully set forth.

50.      Each insurer has been provided with information sufficient to determine its duty to defend and to indemnify Wirtco.

51.      The insurers have not acted honestly nor in good faith in the performance of their respective duties under the applicable policies.

52.      No insurer has acted reasonably under the circumstances by conducting a timely investigation and a fair evaluation of its duty to defend and provide indemnity benefits to Wirtco.

53.      The insurers have failed to give at least equal regard to Wirtco's interests in securing Wirtco's rights under the above-referenced policies as they did to secure their interests in attempting to avoid the expense of complying with their coverage obligations.

54.      The insurers' actions have been and are knowingly and willfully calculated to frustrate the agreed-upon purposes of the above-referenced policies and to injure Wirtco's right to receive the benefits of the policies in order to further the economic interests of the insurers by avoiding their obligations to defend and provide indemnity benefits to Wirtco.

55.      Wirtco has been injured because it has incurred defense and remedial costs in response to the Demand and has been required to incur attorneys' fees to prosecute this action.

56.      The actions of the insurers are reckless, based on dishonest judgment, malicious, willful, and wanton, such that the imposition of punitive damages is justified.

WHEREFORE, Wirtco requests judgment on Count III as follows:

A.      An award of actual damages in an amount to be proven at trial;

B.      An award of punitive damages sufficient to punish the insurers and deter them from engaging in similar conduct in the future;

C.      An award of attorneys' fees necessary to prosecute this action;

D.      Pre-judgment and post-judgment interest to the extent allowed by law; and

E.      Costs and such other relief the Court deems just and proper.

## COUNT IV

### Declaratory Judgment

57.     Wirtco realleges and incorporates by reference the allegations in paragraphs 1 through 56 the same as if fully set forth.

58.     An actual controversy exists regarding whether the Demand triggers each insurer's duty to defend Wirtco under the above-referenced policies.

59.     An actual controversy exists regarding each insurer's duty to indemnify Wirtco under the above-referenced policies.

WHEREFORE, Wirtco requests judgment on Count IV as follows:

A.      Declaring that the NMED Demand triggered the insurers' duties to fully defend Wirtco;

B.      Declaring that each insurer has a duty to indemnify Wirtco for all damages and remedial costs incurred in responding to the Demand;

C.      Declaring that each insurer is obligated to reimburse Wirtco for all defense costs and remedial expenses under the above-referenced policies; and

D.      Costs and such other relief the Court deems just and proper.

## Jury Demand

Wirtco demands a trial by jury. Fed. R. Civ. P. 38 (b)(1).

Respectfully submitted,

HINKLE SHANOR LLP

*/s/ Thomas M. Hnasko*
Thomas M. Hnasko
Lisa G. Zammiello
Post Office Box 2068
Santa Fe, NM 87504-2068
(505) 982-4554
thnasko@hinklelawfirm.com
lzammiello@hinklelawfirm.com

*Attorneys for Plaintiff Wirtco, Inc.*